NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PEDRO RODRIGUEZ, | No. 19-55125 |
| Plaintiff-Appellant, | D.C. No. 5:18-cv-02651-AG-AGR |
| v. | |
| KATHLEEN ALLISON, Secretary for the California Department of Corrections and Rehabilitation, CDCR Director; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and submitted April 14, 2021*
Pasadena, California

Before: PAEZ and VANDYKE, Circuit Judges, and KORMAN,** District Judge.

Pedro Rodriguez, a state prisoner, appeals the district court's dismissal of his

lawsuit against various California prison officials. He alleged claims for relief

pursuant to the Religious Land Use and Institutionalized Persons Act ("RLUIPA"),

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

the Equal Protection Clause of the Fourteenth Amendment, and the Free Exercise Clause of the First Amendment. The district court, upon screening Rodriguez's complaint, dismissed for failure to state a claim and because his claims were frivolous. *See* 28 U.S.C. § 1915A(b). We have jurisdiction under 28 U.S.C. § 1291, and reviewing de novo, we affirm.

Although we question the district court's reasons for dismissing the complaint for failure to state a claim, *see Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam) (holding that "a short and plain statement of the claim" satisfies Federal Rule of Civil Procedure 8(a)(2)); *Holt v. Hobbs*, 574 U.S. 352, 364–65 (2015) (holding that under RLUIPA, the prison must show that it "lack[ed] other means of achieving its desired goal without imposing a substantial burden on the exercise of religion by the objecting party") (citation and alteration marks omitted); *Warsoldier v. Woodford*, 418 F.3d 989, 999 (9th Cir. 2005) (holding that under RLUIPA, officials must demonstrate that they "actually considered and rejected the efficacy of less restrictive measures"); *Turner v. Safley*, 482 U.S. 78, 89–90 (1987) (establishing a fact-dependent analysis to determine the merits of prisoners' constitutional claims), we must affirm.

Under the Prison Litigation Reform Act ("PLRA"), prisoners are ineligible to proceed in forma pauperis if they have brought three or more civil actions or appeals while incarcerated or detained that were dismissed on the grounds that they

2

were "frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). There is an exception to the three-strikes rule "if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (quoting 28 U.S.C. § 1915(g)).

Rodriguez filed this case in forma pauperis. In a prior action involving Rodriguez, we concluded that he has had at least three prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, and we thus found him ineligible to proceed in forma pauperis. Order at 1, *Rodriguez v. Harris*, No. 19-55307 (9th Cir. Jan. 24, 2020), ECF. No. 15.[1]

Because Rodriguez has incurred three strikes under the PLRA and has not alleged that he is in imminent danger of serious physical injury, he is ineligible to proceed in forma pauperis. We affirm with instructions to the district court to clarify that dismissal is without prejudice, such that Rodriguez may proceed with the case if he pays the filing fee.

**AFFIRMED AND REMANDED.**

---

[1] *See, e.g., Rodriguez v. Greco*, No. 15-56907 (9th Cir. Apr. 5, 2016) (order finding appeal frivolous); *Rodriguez v. Greco*, No. 15-56934 (9th Cir. Mar. 7, 2016) (order finding appeal frivolous); *Rodriguez v. Robinson*, No. 3:14-cv-02770-LAB-WVG (S.D. Cal. Jan. 16, 2015) (district court dismissed complaint with leave to amend for failure to state a claim and no amended complaint filed).